J-S28036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| REXFORD MILES HUNT | |
| Appellant | No. 1899 MDA 2014 |

Appeal from the Judgment of Sentence June 12, 2014
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CR-31-CR-0000027-2013

BEFORE: BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:          **FILED JULY 02, 2015**

Rexford Miles Hunt appeals from his judgment of sentence imposed in the Court of Common Pleas of Huntingdon County after a jury found him guilty of aggravated assault.[1]  Upon careful review, we affirm.

The trial court has set forth the facts of this matter as follows:

On December 8, 2012, [Hunt was] an inmate at the State Correctional Institution at Smithfield (SCIS) located in Smithfield Township, Huntingdon County, Pennsylvania.

At or around 7:45 a.m., Hunt was in the dining hall having breakfast.  At another table, another inmate – Ronnie Eugene Johnson – was embroiled in a dispute with Corrections Officer (C.O.) Jeremy Yeoman.  The dispute was about a banana, and the fact that another inmate at another table had passed a banana to Johnson.  Officer Yeoman testified that while DOC rules allow inmates to pass food to other inmates seated at their table, the rules prohibit the passing of food from table to table.

---

[1] 18 Pa.C.S. § 2702(a)(3).

Officer Yeoman testified that inmate Johnson argued with him but ultimately gave up the banana. Officer Yeoman said he started to walk away but Johnson kept shouting profanities at him. This prompted Officer Yeoman to turn back and to order Johnson to leave the dining hall.

According to Officer Yeoman, Johnson stood, closed his fist and struck him in the face. Another C.O. – William Boyd – came to the aid of Officer Yeoman and together they subdued him. Officer Yeoman could not say how many times Johnson struck him; however, he related that while he was engaged with inmate Johnson, another inmate became involved and struck him multiple times in the back of the head.

Officer Boyd testified that he observed the entire incident. He was standing ten (10) to fifteen (15) feet away when inmate Johnson struck Officer Yeoman. Officer Boyd said he immediately notified the prison control center. As he went to the aid of his fellow officer, Officer Boyd said Hunt got up from his table and started hitting Officer Yeoman in the back of the head. Hunt, he said, took a swing at him and was taken down by Officer Deline.

Trial Court Opinion, 9/19/14, at 2-4.

On March 21, 2014, at the conclusion of a one-day trial, the jury convicted Hunt of aggravated assault. On June 12, 2014, the court sentenced him to 2 to 4 years' incarceration. Hunt filed a timely post-sentence motion challenging the sufficiency and weight of the evidence supporting his conviction. On September 19, 2014, the trial court denied the post-sentence motion, and on October 16, 2014, Hunt filed a notice of appeal.

On appeal, Hunt challenges the sufficiency of the evidence and the weight of the evidence.

With respect to Hunt's challenges to the sufficiency of the evidence:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Lynch**, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted).

Section 2702 of the Crimes Code defines aggravated assault, in relevant part, as follows:

(a) Offense defined. – A person is guilty of aggravated assault if he:

. . .

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty.

. . .

(c) Officers, employees, etc., enumerated. – The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:

. . .

(9) Officer or employee of a correctional institution, county jail or prison[.]

18 Pa.C.S. § 2702.

- 3 -

Hunt claims the evidence was insufficient to prove beyond a reasonable doubt the causation and specific intent elements of aggravated assault. Here, the trial court concluded that the Commonwealth presented sufficient evidence to support Hunt's conviction. The Commonwealth presented testimony from Officer Yeoman, Officer Boyd, and Lt. Bradley Booher, the security lieutenant at SCIS. N.T. Trial, 3/2/14, at 22-87. Officer Yeoman testified that during his altercation with Johnson, another inmate became involved in the fight and hit him multiple times in the back of the head. *Id.* at 43-44, 49-50. Officer Boyd testified that he was standing ten (10) to fifteen (15) feet away when he saw Hunt hitting Officer Yeoman in the back of the head. *Id.* at 71. The testimony of both Officer Yeoman and Officer Boyd was corroborated by video footage presented by the Commonwealth and retrieved by Lt. Booher, who testified that he was able to retrieve video footage of the altercation from the three (3) surveillance cameras situated in the dining hall. *Id.* at 22-26, 49-50. The jury was able to watch the video footage several times. *Id.* Lastly, the Commonwealth presented photographs of the injuries that Officer Yeoman sustained in the fight. *Id.* at 51-55. We agree with the trial court that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to sustain the verdict. *Lynch*, *supra*.

Next, Hunt argues that the weight of the evidence does not support his guilty verdict for aggravated assault and therefore, the trial court abused its discretion in denying his post-sentence motion for a new trial.

Our standard of review of a weight of the evidence claim is as follows:

Appellate review . . . is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055-56 (Pa. 2013) (citations omitted).

To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must "examine the record and assess the weight of the evidence; not however, as the trial judge, to determine whether the preponderance of the evidence opposed the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury." Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

*Commonwealth v. Brown*, 648 A.2d 1177, 1189-90 (Pa. 1994) (quoting

*Thompson v. Philadelphia*, 493 A.2d 669, 672 (Pa. 1985)).

Here, in support of his weight of the evidence claim, Hunt argues that the evidence presented strongly indicates that Johnson, Hunt's codefendant, was the more likely cause of Officer Yeoman's injuries compared to the evidence presented to implicate Hunt as the cause. Brief of Appellant, at 15. However, the trial court found that the evidence presented strongly supported the guilty verdict to such an extent that any other verdict would

have shocked the trial court's sense of justice. Trial Court Opinion, 9/19/14, at 6. Upon review of the record, we can discern no abuse of discretion on the part of the trial court in so finding.

After a careful review of the certified record, as well as the briefs of the parties and the applicable law, we conclude that Hunt is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/2015